*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| | ) | |
| *PETER P. TRUMAN,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:20-cv-00108-JAW* |
| | ) | |
| *DANA KELLEY, et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF THE CASE

Plaintiff Peter P. Truman seeks to proceed *in forma pauperis* in connection with the instant suit alleging that six defendants precluded his right to execute a writ of mandamus and court appeal in state court and engaged in civil conspiracy, obstruction of justice, and disability discrimination. *See* Complaint for a Civil Case ("Complaint") (ECF No. 1); Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.") (ECF No. 5). For the reasons that follow, I grant the plaintiff's request for leave to proceed *in forma pauperis* but recommend that the court dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.  Application to Proceed *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In his motion to proceed *in forma pauperis*, the plaintiff declares under penalty of perjury that he has monthly income of $791 in Social Security disability benefits and $10 from the State of Maine, $210 in a checking account, a 2007 Dodge Caravan, and no regular monthly expenses or debts. *See* IFP Appl. These financial circumstances entitle him to proceed *in forma pauperis*.

## II.  Section 1915(e)(2)(B) Review

### A.  Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).  To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed.  In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  In this regard, a *pro se* plaintiff's complaint must be read liberally.  *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

### B.  Factual Background

The plaintiff alleges that on June 27, 2018, he was the victim of an unprovoked assault and battery by a male tenant of Avesta Housing, who attacked him from behind, causing multiple psychological and physical injuries, including permanent nerve damage and the loss of nearly all hearing in one ear.  *See* Complaint at [7].  From the date of the attack through October 2018, the plaintiff pressed charges against the assailant with the Old Orchard Beach ("OOB") Police Department.  *See id*. at [8].  Three of the defendants, OOB Police Chief Dana Kelley, OOB Police Officer Anthony Germaine, and OOB Police Detective David Hemingway, failed to press charges against the assailant or to comply with a directive of Detective Margie Berkovich of the Maine Attorney General's Office regarding an investigation ordered by the plaintiff or even to provide him with a copy of a police report that Berkovich directed be provided to him.  *See id*. at [3]-[4], [8].  Defendant Lauren Daley, an assistant prosecutor, told the OOB Police Department that she

3

was not going to prosecute the assault and battery criminal case in question because "[i]t isn't worth it."  *Id*. at [4], [8].  Defendant Michael Duddy, a Maine District Court judge, precluded the Maine Superior Court in Alfred, Maine, from adjudicating the plaintiff's writ of mandamus and appeal of the failure to prosecute the criminal case in the Maine District Court.  *Id*. at [5], [8].  Defendant Kathryn Slattery, a District Attorney, collaborated with Daley to deny the plaintiff his day in court and denied the Maine Superior Court certain documents regarding the plaintiff's case and writ of mandamus and appeal.  *See id*.

The plaintiff alleges that the defendants violated his constitutional rights by precluding his right to a writ of mandamus and court appeal, engaged in a civil conspiracy and obstruction of justice, and discriminated against him based on disability in violation of the Americans with Disabilities Act.  *See id*. at [6].  He seeks damages in the sum of $1.5 million and an investigation of the six defendants "who conducted this Case in an unprecedented pell-mell, chaotic, subterfuge, discriminating manner unfit for law-enforcement officials, officers of the Court, and a publicly elected official, ergo, JUSTICE."  *Id*. at [7].

## C. Discussion

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id*. (citations omitted).

The gravamen of the plaintiff's complaint, even read liberally, is a challenge to the denial by the Maine District Court and/or the Maine Superior Court of his petition for a writ of mandamus and appeal stemming from the defendant police officers' refusal to charge the plaintiff's assailant and the defendant prosecutors' refusal to prosecute him.  Yet, this court has no jurisdiction to

review the final judgments and decisions of state courts. *See, e.g., Lance v. Dennis*, 546 U.S. 459, 460 (2006) (*per curiam*) ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state court losers' challenging 'state court judgments rendered before the [federal] district court proceedings commenced.'") (citation omitted).

My research discloses no record in the Maine District Court or the Maine Superior Court of any case similar to that described in the Complaint, preventing me from ascertaining whether this case amounts to a non-justiciable collateral attack on a state court judgment. Accordingly, in the alternative, I conclude that the Complaint fails to state a claim because both the judge and the prosecutors are absolutely immune from damages liability, and the prosecutors' decision not to prosecute the plaintiff's assailant renders any decision by the police not to charge him inconsequential.

"[J]udges performing judicial acts within their jurisdictions are entitled to absolute immunity from civil liability." *Doyle v. Warren*, No. 2:17-cv-00013-NT, 2017 WL 3448845, at *3 (D. Me. Aug. 11, 2017) (rec. dec., *aff'd* Sept. 13, 2017) (citation and internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco,* 502 U.S. 9, 11 (1991). Rather, such immunity can only be overcome in two instances. "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity." *Id*. (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12 (citations omitted). No such showing is made here. To the contrary, the plaintiff complains of Judge Duddy's failure, while acting in his judicial capacity, to render a judgment in his favor.

Similarly, prosecutors enjoy absolute immunity with respect to their core function of determining whether or not to initiate a prosecution. *See, e.g.*, *Harrington v. Almy*, 977 F.2d 37, 40 (1st Cir. 1992) ("A prosecutor is entitled to absolute immunity for conduct associated with the initiation of a prosecution. . . .  The decision whether or not to charge is at the core of the prosecutorial functions the courts have sought to insulate from second guessing through civil litigation.").

Finally, as concerns the OOB Police Department's failure to press charges against the plaintiff's assailant, an individual generally does not have an interest protected by the Fourteenth Amendment Due Process Clause to request that "someone else [be] arrested for a crime[.]" *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005).  While the plaintiff alleges in conclusory fashion that all six defendants discriminated against him based on his disability, he alleges no facts from which the court could conclude that such animus entered into the calculus of the decisions of OOB Police Department defendants not to press charges against his assailant.  In any event, even if he could amend his complaint to allege such facts, the arrest is of no consequence when the prosecutors have absolute immunity for their decision not to prosecute the assailant, and the judge has absolute immunity for any act or omission in denying relief for the failure to arrest or prosecute his assailant.

### III.  Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis* and recommend that the court **DISMISS** his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *<ins>NOTICE</ins>*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for*

**which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.**

**Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.**

Dated this 30th day of June, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge